UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDAN F.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

**DECISION AND ORDER**

1:22-CV-00913-EAW

## BACKGROUND

Plaintiff Brendan F. ("Plaintiff") brought this action pursuant to Title II of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). (Dkt. 1).

On April 24, 2023, Plaintiff filed his motion for judgment on the pleadings. (Dkt. 8). On June 21, 2023, the Commissioner responded. (Dkt. 9). Plaintiff filed his reply on July 11, 2023. (Dkt. 10).

On September 6, 2024, Plaintiff's counsel informed the Court of Plaintiff's death by filing a Suggestion of Death. (Dkt. 12). On December 4, 2024, counsel filed a motion to substitute party requesting that this Court issue an order substituting Kevin F., Plaintiff's brother, for Plaintiff. (Dkt. 13). The Commissioner responded on December 11, 2024. (Dkt. 14).

**DISCUSSION**

I.  **Plaintiff's Motion for Substitution**

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1)  Survival of Claims

The Act expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which he is entitled, such benefits will be distributed to his survivors according to a statutorily established priority. 42 U.S.C. § 404(d); 20 C.F.R. §404.503(b); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). The list of survivors prescribed by the Act does not include a surviving sibling but includes a "legal representative of the estate of the deceased individual." 42 U.S.C. § 404(d)(7); 20 C.F.R. § 404.503(b)(7).

Plaintiff's counsel submits a Decree Granting Administration of Plaintiff's estate to Plaintiff's brother, Kevin F., issued on July 25, 2024, by the Hon. Acea M. Mocey, Erie County Surrogate Judge. (Dkt. 13-3). Because Plaintiff's brother has been properly appointed as administrator of Plaintiff's estate, the Court finds that Plaintiff's Title II claim survived his death.

2) Timeliness of Motion

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted).

Here, Plaintiff filed a Suggestion of Death on September 6, 2024. (Dkt. 12). Plaintiff's counsel filed her motion on December 4, 2024. (Dkt. 13). Accordingly, Plaintiff's application is timely.

3) Proper Party for Substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (citing *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1-2.13. Federal regulations similarly define the term legal representative, for the purposes of qualifying to receive an underpayment, as "the administrator or executor of the estate of the deceased individual." 20 C.F.R. § 404.503(d). "A 'successor' of the deceased party is a 'distributee' of the decedent's

estate if the estate has been distributed at the time the motion for substitution is made."
*Garcia*, 2009 WL 261365, at *1 (internal citations omitted).

Here, by the Decree Granting Administration of the Erie County Surrogate's Court of the State of New York, Plaintiff's bother Kevin F., was issued Letters of Administration to administer Plaintiff's estate. (Dkt. 13 at 4; Dkt. 13-3). Accordingly, the Court is satisfied that he is a proper party for substitution for Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for substitution (Dkt. 13) is granted. The Clerk of Court is hereby directed to amend the caption to substitute Kevin F., for Plaintiff.

SO ORDERED.

                                                         ELIZABETH A. WOLFORD
                                                         Chief Judge
                                                         United States District Court

Dated:       April 28, 2025
               Rochester, New York